IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WARREN B. MARKER,

    Petitioner,

vs.                                                              No. 1:17-cv-00508 KG/LF

V. HORTON, *Warden*, and
HECTOR BALDERAS, *Attorney
General of the State of New Mexico,*

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Warren Marker's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Marker challenges his state court conviction for larceny and the unlawful taking of a vehicle in violation of N.M.S.A. 1978, §§ 30-16-1(E) and 30-16D-1. *See* Doc. 1, p. 2 of 14. Marker appealed the conviction, arguing the jury instruction on the latter offense could be read to violate the prohibition against double jeopardy. *See* NMCA Memorandum Opinion, Doc. 1-2, p. 1 of 33. On August 10, 2016, the New Mexico Court of Appeals vacated Marker's conviction for the unlawful taking of a vehicle and remanded the case for re-sentencing. *Id.* at p. 2 of 33.

Marker filed the federal § 2254 petition on May 1, 2017, before he was resentenced. He asserts the state court mishandled evidence; his counsel rendered ineffective assistance; and he was denied his right to a speedy trial. *See* Doc. 1, p. 6, 7, 9 of 14. The petition indicates he did not raise these issues on appeal and has not filed a habeas petition in the state court. *Id.;* NMCA Memorandum Opinion, Doc. 1-2, p. 1 of 33; Doc. 1, p. 3, 6-8 of 14. Marker seeks to prosecute his habeas claims in federal court because he feels the state courts "are not responding" to him. *See* Doc. 1, p. 5 of 14. Perhaps as an aside, he also complains that the state court has not modified his sentence in accordance with the appellate ruling. *See* Doc. 1-1, p. 2 of 26. The latter issue is

moot. On June 1, 2017, a month after he filed the § 2254 petition, the state district court reduced his sentence from 18.5 years to 13 years. *See* Amended Judgment and Sentence entered June 1, 2017 in D-1226-CR-2013-00240.[1]

With respect to Marker's habeas claims, the federal court generally cannot intervene in an ongoing state proceeding because a petitioner is frustrated with the state court process. Section 2254(b)(1)(A) requires state prisoners to exhaust all available state court remedies before this Court can rule on a § 2254 petition. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The requirement can only be excused where "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)).

Marker concedes he has not exhausted his state court remedies, but he appears to argue the state court process is ineffective to protect his rights. Marker asserts he tried to send a habeas petition to the state district court on March 7, 2017 - about seven weeks before he filed the federal petition - but the state "court refused to receive [the] writ." *See* Doc. 1, p. 3 of 14. He also asserts that on or about April 4, 2017, the New Mexico Supreme Court "refused to receive" a writ of certiorari that contained a copy of the state habeas petition. *Id.* at p. 4 of 14. This explanation, without more, is insufficient to demonstrate exhaustion would have been futile. For example, it is

---

[1] Although the Amended Judgment and Sentence was not included with Marker's § 2254 petition, the Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

2

unclear why his pleadings were not filed, whether they were returned, whether the state court communicated regarding any deficiencies, and whether he made any additional attempts to file the habeas petition with the state court.

The Court will afford Marker an opportunity to provide such information or otherwise show cause why he should be excused from the exhaustion requirement. If he fails to timely respond or his explanation is insufficient under § 2254(b)(1)(B), the Court may dismiss the petition without further notice. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that a § 2254 petition may be dismissed *sua sponte* if the "failure to exhaust [is] clear from the face of the petition").

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this Order, Marker shall show cause in writing why his § 2254 federal petition should not be dismissed for failure to exhaust state court remedies.

_____
UNITED STATES MAGISTRATE JUDGE