# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WARREN B. MARKER,

    Petitioner,

vs.                                                               Civ. No. 17-508 KG/LF

V. HORTON, *Warden*, and
HECTOR BALDERAS, *Attorney
General of the State of New Mexico*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Warren Marker's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Petition"), filed May 1, 2017. (Doc. 1). Also before the Court is Marker's Motion for Continuance, filed October 27, 2017. (Doc. 6). Having reviewed the submissions *sua sponte* under 28 U.S.C. § 2254 and Habeas Corpus Rule 4, the Court will deny the Motion and dismiss the Petition without prejudice.

*A. Background*

In this case, Marker challenges his 2014 state court conviction for larceny and the unlawful taking of a vehicle in violation of N.M.S.A. 1978, §§ 30-16-1(E) and 30-16D-1. (Doc. 1) at 2. Marker appealed the conviction, arguing the jury instruction on the latter offense could be read to violate the prohibition against double jeopardy. (Doc. 1-2) at 1. On August 10, 2016, the New Mexico Court of Appeals vacated Marker's conviction for the unlawful taking of a vehicle and remanded the case for re-sentencing. *Id.* at 2.

Marker filed the federal Petition on May 1, 2017. He asserts the state court mishandled evidence; his counsel rendered ineffective assistance; and he was denied his right to a speedy trial. (Doc. 1) at 6, 7, and 9. The Petition indicates he did not raise these issues on appeal or in a

state habeas proceeding. *Id.* at 3, 6-8; (Doc. 1-2) at 1. According to Marker, he would prefer to prosecute his habeas claims in federal court because he feels the state courts are not responding to him. (Doc. 1) at 5. He also claims he attempted to send a habeas petition to the state district court about seven weeks before he filed the federal Petition, but the state "court refused to receive [the] writ." (Doc. 1) at 3.

By a Memorandum Opinion and Order entered September 27, 2017, the Court required Marker to show cause why his Petition should not be dismissed for failure to exhaust all available state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). (Doc. 5). In response, Marker filed the Motion seeking a 60-day extension of the show cause deadline. (Doc. 6) at 2. The Motion recites that he filed a habeas petition with New Mexico's Twelfth Judicial District Court on October 5, 2017, a copy of which was returned with the file stamp "received for review on 10/10/17." *Id.* Marker "is hopeful that the [state habeas] process will continue to move forward." *Id.* However, he asks the Court to:

> maintain its involvement for the 60 day continuance he is asking for. He is more than confident that at the end of the time requested[,] if the state court has not proceeded in accordance with Rule 5-802 NMRA[,] [governing the screening of habeas petitions] … [he] will be more than able to show cause why this Court should rule on the 2254 Petition.

*Id.* The Motion also argues the merits of his federal habeas claims. *Id.* at 2-4.

B. *Discussion*

Section 2254(b)(1)(A) requires state prisoners to exhaust all available state court remedies before this Court can rule on a federal habeas petition. *See also O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (A "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court,

either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The requirement can only be excused where "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)).

In the Motion, Marker confirms that none of his habeas claims have been exhausted. It is also clear that exhaustion is not futile, as his state habeas petition is pending review in the Twelfth Judicial District Court. Nevertheless, Marker asks this Court to remain involved for at least 60 more days, essentially to ensure the state court performs its screening function to his satisfaction. The Court cannot perform such oversight or otherwise rule on habeas claims that are simultaneously pending before a state court. *See Anderson v. Bruce,* 28 Fed. Appx. 786, 788 (10th Cir. 2001) (federal habeas petition is premature where "petition for … post-conviction relief [was] currently pending before state courts"); *cf Carbajal v. Lynn,* 640 Fed. App'x 811, 813 (10th Cir. 2016) ("[N]o reasonable jurist could debate the district court's conclusion that it would be premature to address [petitioner's federal § 2254 claims] … while his direct appeal remains pending."). The Court will therefore deny the requested extension and dismiss the Petition based on Marker's failure to satisfy the exhaustion requirement. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that Section 2254 petition may be dismissed *sua sponte* if "failure to exhaust [is] clear from the face of the petition").

The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Marker has failed to make a substantial showing that he has been denied a constitutional right.

IT IS ORDERED that Marker's Motion for Continuance (Doc. 6) is denied;

either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The requirement can only be excused where "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)).

In the Motion, Marker confirms that none of his habeas claims have been exhausted. It is also clear that exhaustion is not futile, as his state habeas petition is pending review in the Twelfth Judicial District Court. Nevertheless, Marker asks this Court to remain involved for at least 60 more days, essentially to ensure the state court performs its screening function to his satisfaction. The Court cannot perform such oversight or otherwise rule on habeas claims that are simultaneously pending before a state court. *See Anderson v. Bruce,* 28 Fed. Appx. 786, 788 (10th Cir. 2001) (federal habeas petition is premature where "petition for … post-conviction relief [was] currently pending before state courts"); *cf Carbajal v. Lynn,* 640 Fed. App'x 811, 813 (10th Cir. 2016) ("[N]o reasonable jurist could debate the district court's conclusion that it would be premature to address [petitioner's federal § 2254 claims] … while his direct appeal remains pending."). The Court will therefore deny the requested extension and dismiss the Petition based on Marker's failure to satisfy the exhaustion requirement. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that Section 2254 petition may be dismissed *sua sponte* if "failure to exhaust [is] clear from the face of the petition").

The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Marker has failed to make a substantial showing that he has been denied a constitutional right.

IT IS ORDERED that Marker's Motion for Continuance (Doc. 6) is denied;

IT IS FURTHER ORDERED that Marker's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is dismissed without prejudice; a certificate of appealability is denied; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE